UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KEITH F. BELL, PH.D.,** § § § **Plaintiff,** § § -v- § § **MSNBC CABLE, LLC AND JOEY SCARBOROUGH** § § § **Defendants.** § | **Civil Action No. _____** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Keith F. Bell, Ph.D. ("Dr. Bell" or "Plaintiff"), files this Complaint to recover damages arising from violations of Dr. Bell's intellectual property rights by Defendant MSNBC Cable, LLC ("MSNBC") and Joey Scarborough ("Scarborough"). MSNBC and Scarborough are hereafter referred to collectively as "Defendants." In support of his claims, Plaintiff states as follows:

**THE PARTIES**

1. Plaintiff is, and at all relevant times has been, a resident of Texas.

2. Defendant MSNBC Cable, LLC is a Delaware limited liability company who maintains its principal place of business in New York. This defendant may be served with summons through its registered agent, CT Corporation System, 28 Liberty St., New York, New York, 10005.

3. Defendant Joey Scarborough is an individual who, on information and belief, lives and works in New York. He may be served with process at his current business address, NBC News, 30 Rockefeller Center, New York, New York 10112.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 & 1338 in that the claims arise under an act of Congress relating to copyrights. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law. This Court also has diversity jurisdiction in this case because Plaintiff and Defendants are from different states and the amount in controversy exceeds $75,000. There is complete diversity among the parties.

5. This Court has jurisdiction over Defendants because they reside and are domiciled in New York, conduct business in New York, have their principal place of business in New York, and committed the wrongful acts at issue in this case in New York.

6. Plaintiff contends that there is both specific and general jurisdiction over Defendants in New York, that Defendants have sufficient minimum contacts to satisfy due process, and that the exercise of jurisdiction over Defendants comports with traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 139l(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district and because Defendants' principal place of business in this state is within this judicial district and division.

## THE FACTS

*Dr. Bell and His Sports Psychology Practice*

7. Dr. Bell is an internationally recognized sports psychology and performance consultant. He has worked as a sports psychologist with over 500 teams, including the Olympic and national teams for the United States, Canada, Australia, New Zealand, Hong Kong, Fiji, and the Cayman Islands.

2

8.     In addition to his work with sports teams, Dr. Bell speaks at national and international coaching symposia. Among others, he has been a featured speaker with the National High School Coaches Association, North America Soccer Association, U.S. Olympic Sports Medicine Symposium, American Swim Coaches Association, Australian Coaches Association, Canadian Coaches Association, Japanese Coaches Association, and British Swim Coaches Association.

9.     Dr. Bell has also enjoyed success as an athlete and coach. He is a four-time collegiate All-American swimmer, holds numerous world and national masters swim records, and has coached U.S. national, university, collegiate, high school, and club swimming teams.

10.    Further, Dr. Bell has authored and had published 10 books and over 80 articles relating to sports psychology and sports performance. He also has been a regular columnist for national swimming publications such as *Swimmers, Swimmers Coach, SwimSwam*, and *Swim Texas Magazine*, and is a periodic contributor to *Austin Fit Magazine*.

### Dr. Bell's Original Literary Work, *Winning Isn't Normal*

7.     In 1981, Dr. Bell wrote the book entitled *Winning Isn't Normal* ("*Winning Isn't Normal*" or the "Infringed Work"), which was first published in 1982. The book has enjoyed substantial acclaim, distribution, and publicity. Dr. Bell is the sole author of this work and continues to own all rights in the work.

8.     Dr. Bell holds a copyright registration for the Infringed Work. A copyright registration certificate for *Winning Isn't Normal* was issued to Dr. Bell by the United States Copyright Office on or about September 21, 1989, with the registration number TX-0002-6726-44. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit A**.

9.     Since Dr. Bell authored and published the Infringed Work, *Winning Isn't Normal*, he has and continues to promote, distribute, offer for sale, and sell numerous copies of the work. Currently, among others, Dr. Bell offers *Winning Isn't Normal* for sale through Amazon.com and

3

the website keelpublications.com.

10. Dr. Bell has made and continues to make meaningful efforts to create a market for *Winning Isn't Normal* and to protect and enjoy the rights afforded to him under the Copyright Act. Importantly, as part of these efforts, Dr. Bell creates, markets, and sells works derivative of the Infringed Work, such as posters and t-shirts that display a particular passage from *Winning Isn't Normal* (the "WIN Passage"). The WIN Passage is viewed by Dr. Bell and others as the heart of Dr. Bell's literary work *Winning Isn't Normal*. A true and correct copy of the WIN Passage is attached as **Exhibit B**.

11. Dr. Bell owns the domain winningisntnormal.com, which points to the keelpublications.com website where Dr. Bell offers the Infringed Work *Winning Isn't Normal* and derivative works for sale.

12. Due to the popularity of his original work *Winning Isn't Normal*, Dr. Bell has been able to increase his international recognition as an authority in sports psychology and sports performance and has been asked to speak at conferences, symposia, and other engagements as a result.

13. Dr. Bell has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use the popular WIN Passage on the internet or in traditional publishing mediums.

14. Dr. Bell has taken due care to provide notice of his copyright in *Winning Isn't Normal*. Dr. Bell has included pertinent copyright notices on physical and electronic copies of *Winning Isn't Normal* and derivative works, provides pertinent copyright notices on Amazon.com and keelpublications.com, and includes a conspicuous copyright watermark on digital images of derivative works (such as posters) or excerpts that he posts online or otherwise distributes. Dr. Bell also includes information on keelpublications.com regarding how to contact Dr. Bell about

obtaining permission to use the WIN Passage or other portions of *Winning Isn't Normal*.

15. Because of Dr. Bell's commercial efforts, Dr. Bell enjoys trademark protection in the word mark WINNING ISN'T NORMAL, which he uses in connection with various goods and services, including his Winning Isn't Normal® series of books, of which *Winning Isn't Normal* is part. The United States Patent and Trademark Office issued a trademark registration to Dr. Bell for WINNING ISN'T NORMAL for printed matter on November 4, 2014, with a registration number of 4630749. A copy of the trademark registration is attached as **Exhibit C**.

16. Pursuant to Section 33(b) of the Lanham Act, registration of the WINNING ISN'T NORMAL® mark is conclusive evidence of the validity of the registered mark and of Dr. Bell's right to use the registered mark in commerce in connection with the goods or services specified in the registration.

17. As a result of the unique and distinctive nature of Dr. Bell's WINNING ISN'T NORMAL® mark and his continued commercial use of the mark, "Winning Isn't Normal" has become widely associated with Dr. Bell and his printed material and related goods and services. The WINNING ISN'T NORMAL® mark is indicative to consumers that printed material and related items bearing the WINNING ISN'T NORMAL® mark originate from or are affiliated with, sponsored, or approved by Dr. Bell.

*Defendant's Infringement of Dr. Bell's Work*

18. Defendant MSNBC is a cable news network. Defendant Scarborough was the social media editor for Defendant MSNBC at the time of the acts at issue in this lawsuit. Defendant Scarborough currently holds a similar position for NBC News.

19. Defendant Scarborough was an employee and agent of Defendant MSNBC. The job responsibilities of Defendant Scarborough specifically included maintaining active social media

accounts such as the one at issue in this lawsuit.

20. At the time of the acts at issue in this case, Defendant Scarborough prominently noted his employment with Defendant MSNBC. Plaintiff contends that maintaining an active Twitter account is something that Defendant Scarborough does in the course and scope of his employment with Defendant MSNBC, and that Defendant MSNBC is responsible for his actions pursuant to the doctrine of *respondeat superior* and other law.

21. In or around May 2016, Defendant Scarborough posted an excerpt of *Winning Isn't Normal* on his Twitter account. A copy of this infringement is attached hereto as **Exhibit D**. At that time, Defendant Scarborough had approximately 11,000 followers. The infringement of Defendant Scarborough was "liked" at least 42 times and retweeted at least 40 times.

22. The use of Dr. Bell's intellectual property as described herein was made without authorization from Dr. Bell and without attribution to Dr. Bell.

23. Defendants did not request permission to use Dr. Bell's copyrighted work at any time.

## CLAIM I: COPYRIGHT INFRINGEMENT

29. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

30. Plaintiff owns valid copyright in the Infringed Work.

31. Defendants have, without authorization, copied one or more of the constituent elements of the Infringed Work that are original.

32. Defendants copied the heart of the Infringed Work almost or completely verbatim, rendering the offending works substantially similar to and/or functionally identical to the Infringed Work.

33. Defendants' copying of the Infringed Work was done willfully and intentionally in violation of federal copyright law, with knowledge that an agreement had not been reached with Plaintiff

6

regarding such copying, and with knowledge that neither a license nor an assignment had been granted to Defendants allowing them to copy or use the Infringed Work.

34. Defendants have, without authorization, publicly displayed, and distributed one or more of the constituent elements of the Infringed Work that are original.

35. Defendants' public display and distribution of the heart of the Infringed Work was done willfully and intentionally in violation of federal copyright law, with knowledge that an agreement had not been reached with Plaintiff regarding such public display and distribution, and with knowledge that neither a license nor an assignment had been granted to Defendants allowing them to publicly display the Infringed Work.

36. By so copying, publicly displaying, and distributing the Infringed Work, Defendants have willfully infringed Plaintiff's copyrights therein, for which infringement Plaintiff is entitled to injunctive relief and to recover damages in the form of either Defendants' actual profits attributable to the infringements or, in the alternative and at Plaintiff's election, statutory damages. Defendants should also be required to pay Plaintiff's attorneys' fees, as authorized by law, associated with its copyright infringement.

## ATTORNEY FEES

37. Because of Defendants' willful and intention infringement of Plaintiff's copyrights, Plaintiff has been required to retain the services of attorneys to protect his rights and interests. Based upon the foregoing, Plaintiff respectfully requests that this Court award costs of court and reasonable attorneys' fees as part of the requested relief, pursuant to 17 U.S.C. § 505.

## PRAYER

38. WHEREFORE, Plaintiff demands judgment against Defendants as follows:

39. That the Court issue an injunction prohibiting Defendants and those acting in concert with them from:

    (a)    Copying, using, performing, or publicly displaying the Infringed Work or constituent elements thereof that are original;

    (b)    Creating any derivative works based on the Infringed Work (either individually or with a third party) without first obtaining a license or assignment from Plaintiff that allows Defendants to do so; and

    (c)    Otherwise infringing the rights of Plaintiff with respect to the Infringed Work and Plaintiff's trademark.

40. A judgment awarding damages to Plaintiff based on each of the claims asserted herein, including actual, consequential, incidental, and all other types of damages authorized by law necessary to make Plaintiff whole under applicable law;

41. Actual damages, profits, and/or statutory damages based on copyright infringement;

42. That an accounting be directed to determine the profits of Defendants resulting from their activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances;

43. Reasonable and necessary attorney fees pursuant to 17 U.S.C. § 505 and other law;

44. The injunctive relief and all necessary findings requested herein;

45. Pre-judgment and post-judgment interest at the highest rate allowed by law;

46. Costs of bringing this claim; and

47. Such other relief at law or in equity to which Plaintiff shows himself justly entitled.

Dated: April 15, 2019                                     Respectfully submitted,

*s/Mark N. Mutterperl*
Mark N. Mutterperl
**ZEISLER PLLC**
800 Third Avenue, Suite 2800
New York, NY 10022
Telephone: 917.410.7941
mark@zeisler-law.com


C. Ashley Callahan (pro hac vice to be filed)
   State Bar No. 24027545
**LAW OFFICES OF C. ASHLEY CALLAHAN, P.C.**
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Telephone:  512.817.3977
Telecopier:  512.287.3127
acallahan@callahanlawoffices.com


Joshua G. Jones (pro hac vice to be filed)
**THE LAW OFFICE OF JOSHUA G. JONES**
609 Castle Ridge Road, Ste. 450
Austin, TX 78746
Telephone:  512.552.6123
jjones@jgjoneslaw.com

**ATTORNEYS FOR PLAINTIFF**